**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**MINDTRAVELER BARCELONA,**
Plaintiff,

v.

**THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",**
Defendants.
_______________________________________/

**Case No.: 1:26-cv-01251**
Honorable Robert W. Gettleman
Magistrate Judge: Honorable M. David Whisman

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANTS VDWIP, ARSSM, ROJZR, YIMOON1987,**
**HEFEI ZHULIZI TRADING CO., LTD. AND WYEYSYT**

Defendants VDWIP, Arssm, ROJZR, Yimoon1987, Hefei Zhulizi Trading Co., Ltd., and Wyeysyt (collectively, "Moving Defendants"), by and through undersigned counsel, hereby answer the Complaint [DE 1] of Plaintiff MindTraveler Barcelona ("Plaintiff") as follows, in accordance with Local Rule 10.1 of the Northern District of Illinois (requiring numbered paragraphs corresponding to and stating a concise summary of the paragraph to which each response is directed):

**1.**

Complaint Paragraph 1 alleges that this Court has original subject matter jurisdiction over the claims pursuant to the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

**ANSWER:** Moving Defendants admit that this Court has subject matter jurisdiction over claims arising under the Copyright Act pursuant to the cited statutes. Moving Defendants deny that Plaintiff has stated a valid claim for relief or is entitled to any damages, injunctive relief, or other remedy.

**2.**

Complaint Paragraph 2 alleges that venue is proper pursuant to 28 U.S.C. § 1391 and that the Court may exercise personal jurisdiction over Defendants because each directly targets consumers in the United States, including Illinois, through fully interactive commercial internet stores, and that Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction.

**ANSWER:** Moving Defendants deny the allegations of paragraph 2. Moving Defendants specifically deny that they have purposefully directed any activities at Illinois or this judicial district sufficient to support personal jurisdiction, deny that they have made sales into Illinois, and deny that Rule 4(k)(2) confers jurisdiction over them. Moving Defendants further deny that venue is proper as to them.

**3.**

Plaintiff, MINDTRAVELER BARCELONA, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's photographs. Founded in 2016, MindTraveler is a clothing brand that celebrates living life differently by exploring new combinations of style and unexplored terrain to live an authentic and unique life.

**ANSWER:** Moving Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore deny them.

**4.**

This action has been filed by Plaintiff to combat online copyright infringers who have reproduced and displayed Plaintiff's copyrighted photographs without authorization. Defendants trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products using Plaintiff's photographs in their online listings.

**ANSWER:** Moving Defendants deny the allegations of paragraph 4 as they pertain to Moving Defendants. Moving Defendants specifically deny that they have reproduced, displayed, or used any of Plaintiff's photographs without authorization, and deny that they have traded upon Plaintiff's reputation or goodwill.

**5.**

Plaintiff is the owner of United States Copyright Registration Nos. VA 2-430-938; VA 2-430-843; VA 2-430-812; VA 2-430-813; VA 2-430-846; VA 2-430-936; VA 2-430-810; VA 2-430-817; VA 2-430-847; VA 2-432-758; VA 2-432-747; VA 2-431-910; VA 2-430-932; VA 2-430-927; VA 2-430-937; VA 2-430-814; VA 2-430-790; VA 2-431-912; VA 2-430-929; VA 2-430-842; and VA 2-431-911 (the "MindTraveler Barcelona Works") and the registrations are attached hereto as Exhibit 1. Upon information and belief, the copyrights have effective dates that predate the Defendants' acts of copyright infringement.

**ANSWER:** Moving Defendants admit that Exhibit 1 contains copies of certain copyright registration certificates bearing the numbers listed. Moving Defendants lack knowledge or

information sufficient to form a belief as to the remainder of the allegations in paragraph 5 (including ownership, validity, and the relative timing of any alleged infringement) and therefore deny them.

**6.**

Defendants have created numerous Defendant Internet Stores and used the MindTraveler Barcelona Works without authorization to make illegal profits.

**ANSWER:** Moving Defendants deny the allegations of paragraph 6 as they pertain to Moving Defendants. Moving Defendants specifically deny that they used any of the MindTraveler Barcelona Works without authorization or made any illegal profits therefrom.

**7.**

The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the MindTraveler Barcelona Works.

**ANSWER:** Moving Defendants deny the allegations of paragraph 7. Moving Defendants specifically deny that they share any unique identifiers, design elements, or relationship with any

other Schedule A defendants; deny that their activities (if any) arise out of the same transaction, occurrence, or series of transactions or occurrences with any other defendants; and deny any concealment or piracy.

**8.**

Plaintiff, MINDTRAVELER BARCELONA, is the owner of the Copyright Registrations that protect the creative content of the MindTraveler Barcelona Works. Founded in 2016, MindTraveler is a clothing brand that celebrates living life differently by exploring new combinations of style and unexplored terrain to live an authentic and unique life. Cofounders Oriol Roca Alguersuari and Clara Llanas Mendiluce consider themselves as two restless souls with a clear vision: to transform fashion into a unique sensory experience. Since their first collection, they have sought to fuse an adventurous spirit with a vibrant and authentic sense of style, creating garments that go beyond trends and speak of a way of being, living, and leaving a mark. MindTraveler employs color, energy, and creativity with garments that last far away in time and under a company philosophy of “limited production, slow fashion.” MindTraveler is for customers who seek to express their true selves through what they wear. MindTraveler is not just clothes, it is a statement of intent. Plaintiff’s photographs are vital to convey this message and to connect with consumers.

**ANSWER:** Moving Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them.

**9.**

Plaintiff is the owner of the United States Copyright Registrations that cover the MindTraveler Barcelona Works. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the registration certificates are attached hereto as Exhibit 1.

**ANSWER:** Moving Defendants admit that Exhibit 1 contains copies of certain registration certificates. Moving Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 9 and therefore deny them.

**10.**

MindTraveler has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in products advertised and marketed using the MindTraveler Barcelona Works.

**ANSWER:** Moving Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore deny them.

**11.**

As a result of Plaintiff's efforts, the quality of authorized products marketed with the MindTraveler Barcelona Works, the promotional efforts for products and designs that are authorized to use the MindTraveler Barcelona Works, press and media coverage, and social media coverage, members of the public have become familiar with the MindTraveler Barcelona Works and associate them exclusively with Plaintiff.

**ANSWER:** Moving Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny them.

**12.**

MindTraveler has made efforts to protect Plaintiff's interests in and to the MindTraveler Barcelona Works. No one other than MindTraveler is authorized to reproduce, display, advertise, create derivative works, offer for sale, or sell any goods utilizing, advertising, marketing, featuring, or otherwise using the MindTraveler Barcelona Works without the express written permission of Plaintiff.

**ANSWER:** Moving Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 and therefore deny them. Moving Defendants deny the remaining allegations of paragraph 12 as they pertain to Moving Defendants.

**13.**

Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Defendants have copied and displayed the MindTraveler Barcelona Works on the Defendant Internet Stores to advertise and sell their goods which compete with those of MindTraveler Barcelona Works—often of inferior quality and at deep discounts from the MindTraveler goods. Each Defendant targets the United States, including Illinois and has copied and displayed and, on information and belief, continues to copy and

display without authorization the photographs protected by the MindTraveler Barcelona Works to consumers within the United States, including Illinois and in this judicial district.

**ANSWER:** Moving Defendants admit that they are foreign entities or individuals. Moving Defendants deny the remaining allegations of paragraph 13 as they pertain to Moving Defendants. Moving Defendants specifically deny that they have copied or displayed any of the MindTraveler Barcelona Works, deny that they target Illinois, deny that they have made any sales into Illinois, and deny any continuing infringement.

**COUNT I**

**COPYRIGHT INFRINGEMENT**

**14.**

Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

**ANSWER:** Moving Defendants incorporate their responses to paragraphs 1–13 by reference. To the extent paragraph 14 contains any additional allegations, Moving Defendants deny them.

**15.**

The MindTraveler Barcelona Works are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

**ANSWER:** Moving Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore deny them. Moving Defendants further

deny that the Works contain protectable expression separable from the utilitarian aspects of the clothing depicted under *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017).

**16.**

At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the MindTraveler Barcelona Works, including derivative works. The MindTraveler Barcelona Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (Exhibit 1).

**ANSWER:** Moving Defendants admit that Exhibit 1 contains certain registration certificates. Moving Defendants lack knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 16 and therefore deny them. Moving Defendants specifically deny that they have infringed any exclusive rights of Plaintiff.

**17.**

Each Defendant, without the permission or consent of Plaintiff, has and continues to reproduce and display pirated photographs and derivative works of the copyrighted MindTraveler Barcelona Works. Each Defendant has violated at least Plaintiff's exclusive rights of reproduction and display. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. § 101 et seq.).

**ANSWER:** Moving Defendants deny the allegations of paragraph 17 in their entirety as they pertain to Moving Defendants.

**18.**

As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

**ANSWER:** Moving Defendants deny the allegations of paragraph 18. Moving Defendants deny that they have infringed any of Plaintiff's exclusive rights and deny that Plaintiff is entitled to any relief, damages, attorneys' fees, or costs.

**19.**

Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights.

**ANSWER:** Moving Defendants deny the allegations of paragraph 19. Moving Defendants deny that Plaintiff is entitled to any injunctive relief.

## AFFIRMATIVE DEFENSES

By way of further answer and as affirmative defenses, Moving Defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

*(Lack of Protectable Separable Expression – Star Athletica)*

Plaintiff's claimed copyrights cover photographs of clothing, which are useful articles. Under *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017), only those pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing

independently of, the utilitarian aspects of the article are protectable. Plaintiff has failed to allege —let alone plead facts showing—which specific elements of its photographs (if any) are separable from the clothing itself. The Complaint therefore fails to identify protectable expression, and the claims fail as a matter of law.

**SECOND AFFIRMATIVE DEFENSE**
*(No Substantial Similarity to Protectable Expression)*

The Complaint contains no factual allegations explaining how any Moving Defendant's listing is substantially similar to any specific protectable element of Plaintiff's photographs. Mere attachment of registration certificates and generic assertions that Defendants "used" the Works are insufficient. Copyright infringement requires copying of constituent elements of the work that are original.

**THIRD AFFIRMATIVE DEFENSE**
*(Innocent Infringement / No Willfulness)*

To the extent any use of any image occurred (which is denied), any such use was innocent and not willful within the meaning of 17 U.S.C. § 504(c)(2), and statutory damages, if any, should be limited accordingly.

**FOURTH AFFIRMATIVE DEFENSE**
*(Failure to Mitigate Damages)*

Plaintiff has failed to mitigate any alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

*(Reservation of Rights)*

Moving Defendants reserve the right to assert additional affirmative defenses as discovery proceeds and as the facts of the case become known.

**JURY DEMAND**

Moving Defendants demand a jury trial fro all triable issues.

**WHEREFORE,** Moving Defendants respectfully request that the Court dismiss the Complaint with prejudice as to Moving Defendants, sever the claims against them, award Moving Defendants their costs and attorneys' fees, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu
The Law Offices of James Liu PLLC
30 N. LaSalle St., Ste. 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Attorney for Defendants VDWIP, Arssm, ROJZR, Yimoon1987, Hefei Zhulizi Trading Co., Ltd., and Wyeysyt

**CERTIFICATE OF SERVICE**

I hereby certify that on Nov. 10, 2026, a true and correct copy of the foregoing Answer and Affirmative Defenses was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu
Jianyin Liu